IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WYDISBERTO TORRES-VALLE,<br><br>    Plaintiff<br><br>    v.<br><br>PEDRO TOLEDO, et al.,<br><br>    Defendants | CIVIL NO. 08-1850 (JP) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss (**No. 7**) filed by Defendants Pedro Toledo-Dávila, Waldemar Soto-González, David Ramos-Crespo, Luis Acevedo-Rodríguez, Israel Quiles-Soto, Bolívar Lafontaine-Arocho, Adalberto Ferrer-Soto, Ángel Malavé-Vélez, Milton Acevedo-Pérez, Francisco González-Rosado, Carlos Cortés-Hernández, Frederick Betancourt-Rodríguez, Eliezer González-Pérez, and Carlos Valle-Roldán. Also before the Court is Plaintiff Wydisberto Torres-Valle's ("Torres") opposition thereto (No. 9). Plaintiff Torres filed the instant case pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' motion to dismiss is hereby **GRANTED**.

CIVIL NO. 08-1850 (JP)            -2-

## I. **FACTUAL ALLEGATIONS**

Plaintiff Torres has been a police agent for the Puerto Rico Police Department ("PRPD") since October 15, 1983. During his tenure, Torres has occupied various positions at different PRPD locations in Puerto Rico. Defendant Pedro Toledo ("Toledo") is the PRPD superintendent. Defendants Milton Acevedo ("Acevedo") and Carlos Valle-Roldán ("Valle") were, during the times relevant to the allegations in the complaint, captains of the PRPD in the region of Moca and/or San Sebastián. The remaining Defendants were agents or sergeants of the PRPD in the same region.

Plaintiff alleges that he filed administrative charges against all Defendants except Toledo, alleging violations of his constitutional rights as well as the rights of other citizens. Plaintiff further alleges that he has been subject to retaliation for filing said charges. The most specific factual allegations regarding the alleged retaliation occur in paragraph fourteen of Plaintiff's complaint, in which he alleges:

> 14. The following incidents, among others, have occurred:
>
>    a.   Plaintiff has been defamed
>
>    b.   Criminal and administrative case have been fabricated against plaintiff
>
>    c.   Plaintiff has been humiliated and demoted.
>
>    d.   Plaintiff has been verbally attacked
>
>    e.   His relatives have been physically and verbally attacked

CIVIL NO. 08-1850 (JP)            -3-

        f.    Adverse employment actions and humiliations, including suspensions and demotions

        g.    Hostile work environment

Plaintiff further alleges that Defendants Acevedo and Valle were aware of the alleged incidents and did nothing to stop them or implement the existing disciplinary system.  Plaintiff argues that Acevedo and Valle's failure to act constituted reckless disregard of Plaintiff's rights.  Plaintiff alleges that Defendants' actions violated the First, Fifth, and Fourteenth Amendments to the United States Constitution, and that as a result of said violations Plaintiff has suffered economic and emotional damages.

## II. **LEGAL STANDARD FOR A MOTION TO DISMISS**

The Supreme Court has established that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 570.  The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct.

CIVIL NO. 08-1850 (JP)          -4-

at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. **ANALYSIS**

Defendants argue that Plaintiff's complaint should be dismissed because: (1) Plaintiff's complaint cannot support a claim pursuant to Section 1983 because Plaintiff fails to provide sufficiently specific allegations regarding each Defendants' conduct that allegedly violated Plaintiff's constitutional rights; (2) Plaintiff has not alleged a First Amendment cause of action because he has not alleged that he spoke as a private citizen on a matter of public concern and was subjected to an adverse employment action; (3) Plaintiff's Fifth Amendment claim should be dismissed because the Fifth Amendment applies only to the federal government, and not to state government actors; (4) Plaintiff has not alleged a specific liberty or property interest to support a Due Process claim; (5) Plaintiff has not alleged that he was treated differently than others as required for an Equal Protection claim; (6) claims against Defendants in their official capacities are subject to Eleventh Amendment Immunity; and (7) Defendants are entitled to qualified immunity.

In response, Plaintiff argues that: (1) the complaint includes specific allegations to support a Section 1983 claim, particularly

CIVIL NO. 08-1850 (JP)            -5-

in paragraphs 12-14, 24-25, 27, 29, and 32-33; (2) the complaint alleges a First Amendment claim because it alleges that Plaintiff and his relatives were subject to retaliation in response to Plaintiff's filing of administrative charges and making statements denouncing illegal and corrupt acts of Defendants; (3) Plaintiff's allegations at paragraphs 13-14 of the complaint properly allege a Due Process claim pursuant to the Fourteenth Amendment; (4) the complaint alleges an Equal Protection claim by stating that Plaintiff was treated differently from other employees as a result of his having denounced illegal and corrupt acts by Defendants; and (5) Defendants bear the burden of proving their qualified immunity defense, and have not satisfied that burden.  In addition, Plaintiff concedes that Defendants are entitled to Eleventh Amendment immunity in their official capacities, and that the Fifth Amendment is not applicable to state government actions.  Accordingly, Plaintiff consents to dismissal of the Fifth Amendment claims as well as all claims against Defendants in their official capacities.  The Court will now proceed to consider the parties' arguments regarding the remaining disputed issues.

### A.   **Section 1983 Standard**

Plaintiff's claims in the instant case consist of allegations that Defendants violated his constitutional rights, and are therefore brought pursuant to Section 1983 in conjunction with particular provisions of the United States Constitution.  Section 1983 provides

CIVIL NO. 08-1850 (JP)          -6-

a procedural mechanism for enforcing federal constitutional or statutory rights. See Albright v. Oliver, 510 U.S. 266, 271 (1994). In order to prevail on a Section 1983 claim, a plaintiff must demonstrate that the defendant: (1) acted under color of state law; and (2) deprived him of the identified federal right. See Cepero Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (quoting Romero Barceló v. Hernández Agosto, 75 F.3d 23, 32 (1st Cir. 1996)). Puerto Rico is considered a state for Section 1983 purposes. Rivera-Lugaro v. Rullán, 500 F. Supp. 2d 28, 39 (D.P.R. 2007).

Under Section 1983, liability in damages can only be imposed upon officials who were involved personally in the deprivation of constitutional rights. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (citing Kostka v. Hogg, 560 F.2d 37, 40 (1st Cir. 1977)). A plaintiff must demonstrate personal involvement by showing an affirmative link between the deprivation of a plaintiff's rights and the defendant's conduct. See Aponte-Matos v. Toledo-Dávila, 135 F.3d 182, 192 (1st Cir. 1998). In the context of a supervisor whose subordinate carried out the actions affecting a plaintiff's rights, "[t]hat affirmative link must amount to 'supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference.'" Aponte-Matos, 135 F.3d at 192 (quoting Lipsett v. Univ. of P.R., 864 F.2d 881, 902 (1st Cir. 1998)).

CIVIL NO. 08-1850 (JP)          -7-

In the instant case, Plaintiff's most specific allegations regarding the alleged deprivations of his constitutional rights are in Paragraph fourteen of the complaint, which states:

> 14. The following incidents, among others, have occurred:
>
>    a.   Plaintiff has been defamed
>
>    b.   Criminal and administrative case have been fabricated against plaintiff
>
>    c.   Plaintiff has been humiliated and demoted.
>
>    d.   Plaintiff has been verbally attacked
>
>    e.   His relatives have been physically and verbally attacked
>
>    f.   Adverse employment actions and humiliations, including suspensions and demotions
>
>    g.   Hostile work environment

In addition, Plaintiff alleges that Defendants Acevedo and Valle are subject to supervisory liability because they were aware of the alleged incidents and did nothing to stop them or implement the existing disciplinary system.

Even viewed in the light most favorable to Plaintiff, these allegations do not state an affirmative link between Defendants' conduct and violations of Plaintiff's constitutional rights. Paragraph fourteen begins by alleging that "the following incidents . . . have occurred." This statement does not indicate which Defendants individually caused the alleged incidents, nor what specific actions by those Defendants constituted violations. No specific Defendant is named and tied to a specific alleged action.

CIVIL NO. 08-1850 (JP)            -8-

On the contrary, the alleged violations are listed as conclusory statements. Simply stating "hostile work environment" or "adverse employment actions" is not sufficient to overcome a motion to dismiss. Maldonado v. Fontánes, 568 F.3d 263, 268 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

The additional paragraphs of the complaint that Plaintiff references in his opposition to the motion to dismiss are no more helpful. For example, paragraph twelve states that, in response to Plaintiff's public statements and administrative charges "Plaintiff has been subjected to retaliation." Paragraph twenty five states that "Defendants' conduct constitutes a callous or reckless disregard for the first amendment rights of plaintiff." Nowhere does the complaint offer specific allegations as to how exactly specific individual Defendants caused the alleged violations.

Although the pleading requirements under the Federal Rules of Civil Procedure are lenient, "minimal requirements are not the same as no requirements at all." Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 57 (1st Cir. 2006) (internal citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Court of Appeal for the First Circuit has established that this means that the statement of the claim should "at least set forth minimal facts as

CIVIL NO. 08-1850 (JP)          -9-

to who did what to whom, when, where, and why." Id.  In the instant case, Plaintiff does not allege which of the several Defendants committed the violations alleged in Paragraph fourteen of the complaint.  Plaintiff also does not allege when and where these violations occurred.  In the absence of such minimal specifics, Plaintiff has failed to properly allege the individual involvement required to plead a cause of action under Section 1983.  Id.

Because each of Plaintiff's constitutional claims is premised on the availability of the Section 1983 procedural mechanism, and Plaintiff has failed to provide sufficient allegations to invoke Section 1983, the Court will dismiss the complaint for failure to state a claim.  In light of this conclusion, the Court need not proceed to consider the additional arguments regarding each of the constitutional claims.

**IV. CONCLUSION**

In conclusion, the Court **GRANTS** Defendants' motion to dismiss. The Court will enter a separate Judgment dismissing Plaintiff's complaint.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of February, 2010.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE